972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roy HECK, Plaintiff-Appellant,
v.
DEARBORN COUNTY JAIL and Russell Cunningham, Sheriff of
Dearborn County, in his individual and official
capacities as such, Defendants-Appellees.
 No. 89-1322.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.*
Decided July 31, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-appellant Roy Heck is currently an inmate at Westville Correctional Center. Prior to his conviction, he was incarcerated at the Dearborn County Jail as a pretrial detainee. Heck filed a civil rights complaint under 42 U.S.C. § 1983 claiming violation of his Eighth and Fourteenth Amendment rights for denial of medical care and access to legal facilities. His application under 28 U.S.C. § 1915 to proceed in forma pauperis was denied by the district court and his cause of action was dismissed. Heck appeals.
 
 
 2
 We review for abuse of discretion the district court's decision to dismiss Heck's complaint. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court dismissed Heck's complaint as frivolous. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 3
 In his first claim, Heck alleged that he was denied adequate medical treatment for his back injury while at the Dearborn County Jail. Under the due process clause of the Fourteenth Amendment, a pretrial detainee may not be "punished." Shelby County Jail Inmates v. Westlake, 798 F.2d 1085, 1087 (7th Cir.1986). To establish that he was punished, a pretrial detainee must prove more than mere negligence; he must prove that prison officials exhibited deliberate indifference to his serious medical needs. See Holmes v. Sheahan, 930 F.2d 1196, 1199-1200 (7th Cir.), cert. denied, 112 S.Ct. 423 (1991). A medical need is "serious" if it is "life-threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." Davis v. Jones, 936 F.2d 971, 972 (7th Cir.1991).
 
 
 4
 In dismissing Heck's medical-care claim, the district court interpreted language in Matzker v. Herr, 748 F.2d 1142 (7th Cir.1984), to mean that a pretrial detainee enjoys a due process right to medical care only if the pretrial detainee sustained the injury or illness during incarceration. Since Heck sustained his back injury before arriving at the Dearborn County Jail, the district court felt constrained to dismiss his medical-care claim. In fact, however, a pretrial detainee's due process right to medical care does not depend on when the illness or injury was sustained. See, e.g., Salazar v. City of Chicago, 940 F.2d 233 (7th Cir.1991) (fatal injuries suffered in car crash prior to detention). The district court's application of this erroneous legal conclusion constitutes an abuse of discretion. Denton, 112 S.Ct. at 1743. We vacate the district court's dismissal of Heck's medical-care claim against Sheriff Cunningham in his individual capacity and remand for a determination of whether that claim lacks an arguable basis in either law or fact. See, e.g., id. at 1734 (remanding without expressing view on application of standard to facts of case while noting that "frivolousness is a decision entrusted to the discretion of the court entertaining the in forma pauperis petition").[1]
 
 
 5
 Heck's second claim was that he was denied meaningful access to the courts because he did not have access to a law library or legal materials. In dismissing this claim, the court concluded that "[w]ithout an allegation of detriment or a claim that he was not represented during his pretrial confinement the Court finds that there is no claim for the denial of access to the courts stated in the complaint."
 
 
 6
 The Supreme Court, in Bounds v. Smith, 430 U.S. 817, 828 (1977), held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Thus, prison authorities may fulfill their duty to provide prisoners with meaningful access to the courts either by furnishing prisoners with adequate law libraries or by providing them with adequate assistance from persons trained in the law.
 
 
 7
 Although Heck correctly pleaded the inadequacy of law facilities at the Dearborn County Jail,[2] we do not believe that the district court abused its discretion in dismissing Heck's access-to-court claim as frivolous. Since prison authorities may deny access to legal facilities as long as they provide assistance from persons trained in the law, DeMallory v. Cullen, 855 F.2d 442, 446 (7th Cir.1988), Heck's failure to allege the lack of such assistance means that there is no rational argument in law or fact to support this particular claim for relief.
 
 
 8
 In summary, we AFFIRM the dismissal of the access-to-court claim and all claims against the Dearborn County Jail and Sheriff Cunningham in his official capacity. We VACATE the dismissal of Heck's medical-care claim against Sheriff Cunningham in his individual capacity, and we REMAND for a determination of whether that claim lacks an arguable basis in either law or fact.[3] Since the district court found that Heck was financially eligible to proceed in forma pauperis, his application under 28 U.S.C. § 1915(a) should be granted.
 
 
 
 *
 No defendant was served in the district court, and no defendant has appeared in this appeal. After the named defendants filed a "Notice of Non-Involvement," this court ordered this appeal to be submitted for decision on the brief of the appellant without the filing of a brief by the defendants. Subsequently, after preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to the Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the appellant's brief and the record
 
 
 [1]
 Heck's claim against the Dearborn County Jail and Cunningham in his official capacity must fail. Local governments and their officials may be held responsible under § 1983 only if the injury was caused by an official law, custom, or policy. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); Holmes, 930 F.2d at 1199. Heck alleged that the denial of medical care was caused by custom and policy of the Dearborn County Sheriff's Office and Jail. However, boilerplate Monell allegations of custom or policy such as Heck's are insufficient. See Strauss v. City of Chicago, 760 F.2d 765, 767-70 (7th Cir.1985) (motion to dismiss). Moreover, one incident is not enough to establish the existence of a custom or policy. Hossman v. Blunk, 784 F.2d 793, 797 (7th Cir.1986)
 
 
 [2]
 The failure to explicitly allege detriment was not fatal to Heck's claim. Since Heck's complaint can fairly be read to allege a total denial of access to legal facilities, it carries an inherent allegation of prejudice. DeMallory v. Cullen, 855 F.2d 442, 448 (7th Cir.1988); Martin v. Davies, 917 F.2d 336, 340 (7th Cir.1990), cert. denied, 111 S.Ct. 2805 (1991)
 
 
 [3]
 Of course, we express no opinion on the merits of this issue